

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Stanley Timmins
County Attorney
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-2301
Re: Authority of Commissioners' Court
to remit penalties and interest.

In your letter of April 25th, 1940, you set forth facts showing that through some confusion between a landowner and the Federal Land Bank, perhaps through the error of a representative of the Federal Land Bank, the taxes on a piece of land were allowed to become delinquent. You request our opinion as to whether the Commissioners' Court of Harrison County has the power or authority to remit or cancel the penalties and interest accrued on such delinquent taxes.

It is unnecessary for us to attempt to determine whether the Legislature could constitutionally confer upon Commissioners' Courts the power to remit the statutory penalties and interest accuring upon delinquent advalorem taxes. We have no statute conferring or purporting to confer such authority.

Art. 5, Sec. 18, of the State Constitution, provided that the County Commissioners' Court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or an may be hereafter prescribed." Under this section of the Constitution it has been held and firmly established that Commissioners' Court can exercise only such powers as the Constitution itself or the Legislature has conferred upon them. Bland vs. Orr, 38 S. W. 558, Sup. Ct.; Slaughter vs. Hardeman Co. 139 S. W. 662, error denied; Ex parte Thomas, 2 S. W. (2) 270, Cr. Apps.; Landman vs. State, 97 S. W. (2) 264, Civ. Apps.

In the Bland vs. Orr case, supra, it was held that a Commissioners' Court has no power to compromise the debt of a defaulting county treasurer by accepting a deed of land from a surety on his bond.

In Ex parte Thomas, supra, it was held that a Commissioners' Court could not remit a fine inflicted for aggravated assault.

In Landman vs. State, supra, a Commissioners' Court has employed an attorney to bring a suit for the State and County, arising out of the closing of a county depository bank. The Commissioners' Court agreed to pay the attorney 10% of the recovery by the State. A recovery of $22,500.00 was effected. The Legislature granted the attorney permission to sue. It was held that the Commissioners' Court had acted without power and recovery was denied. Attention is drawn to the fact that the State owns a share in the penalties and interest in question.

That the powers of Commissioners' Courts are limited to those given by the Constitution or by statute was affirmed in each of the above cases and has been announced in many others.

We are constrained to advise, therefore, that in the case submitted, the Commissioners' Court of Harrison County is without power or authority to remit such penalties and interest.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Glenn R. Lewis

By
    Glenn R. Lewis
    Assistant

GRL:GS-ldw

APPROVED MAY 6, 1940
s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN